**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SERGIO BARRETT, | : | Case No. 2:25-cv-222 |
| | : | |
| Petitioner, | : | |
| | : | District Judge Algenon L. Marbley |
| vs. | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| WARDEN, SOUTHEASTERN | : | |
| CORRECTIONAL COMPLEX, | : | |
| | : | |
| Respondent. | : | |

---

**REPORT AND RECOMMENDATION**

---

Sergio Barrett, a state prisoner proceeding without counsel, has filed a petition for a writ

of habeas corpus under 28 U.S.C. § 2254. The matter is before the Court to consider the Petition

(Doc. 1), the Return of Writ (Doc. 7), and the state court record.  (Doc. 6).  Barrett has not filed a

reply.  It is **RECOMMENDED** that this action be **DISMISSED** as time-barred.

**I.     PROCEDURAL HISTORY**

The Court begins by summarizing the procedural history giving rise to the Petition.

**A.     State Trial Proceedings**

On November 12, 2021, the Delaware County, Ohio, grand jury indicted Barrett on one

count of trafficking in cocaine and one count of possession of cocaine.  (Doc. 6 at PageID#39–41).

Both counts carried a "major drug offender" specification. (*Id.*).

On August 9, 2022, Barrett pled guilty.  (*Id.* at PageID# 44–48).  As part of the plea, the

prosecution agreed to dismiss the trafficking charge and in exchange Barrett would plead guilty to

possession of cocaine without the major drug offender specification.  (*Id.* at PageID# 44–52).  The

prosecution also agreed to jointly recommend a minimum sentence of ten years (*id.* at PageID#

52) and Barrett agreed to waive all appeal rights. (*Id.* at PageID# 51). On October 3, 2022, the trial court sentenced Barrett ten to fifteen years imprisonment. (*Id.* at PageID# 53–55).

### B.      Delayed Direct Appeal

On August 19, 2024, nearly two years later, Barrett filed a pro se motion for leave to file a delayed appeal. (*Id.* at PageID# 56–61). He argued that he should be permitted to pursue a late appeal because he could not obtain his records from his trial counsel despite diligent efforts and because he is not fluent in English. (*Id.*). On September 25, 2024, the Fifth District Court of Appeals ("Court of Appeals") denied his motion. (*Id.* at PageID# 67–68). The Court of Appeals concluded that Barrett's proffered reasons, "would have supported some delay in filing a notice of appeal, however, the reasons do not justify a two-year delay in filing the notice of appeal." (*Id.* at PageID# 67).

Barrett appealed the denial of his delayed appeal to the Ohio Supreme Court (*id.* at PageID# 69–83), which declined to accept jurisdiction of the appeal on January 28, 2025. (*Id.* at PageID# 90).

### C.      Federal Habeas Corpus

On March 3, 2025, Barrett filed the instant federal habeas corpus action.[1] (Doc. 1 at PageID# 14). Barrett raises a single ground for relief:

> **GROUND ONE**: Mr. Barrett's public defender had not responded to his request to attain his records to be able to file his appeal in time.

(Doc. 1 at PageID# 5).

---

[1] The Petition was filed with the Court on March 7, 2025. (Doc. 1). Barrett avers however, that he placed the Petition in the prison mailing system for delivery to the Court on March 3, 2025. (*Id.* at PageID# 14). Because under *Houston v. Lack*, 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the Petition was "filed" on March 3, 2025.

On June 12, 2025, Respondent filed a Return of Writ. (Doc. 7). Respondent argues that Barrett's single ground for relief is barred by the statute of limitations (*id.* at PageID# 114–120), and alternatively, is procedurally defaulted (*id.* at PageID# 121–126) and without merit (*id.* at PageID# 126-130).  Barrett has not replied to Respondent's Return of Writ.

## II.        THE PETITION IS TIME-BARRED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody under a state court judgment must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Nothing in the record suggests that § 2244(d)(1)(B), (C), or (D) apply to Barrett's case. Consequently, Barrett's Petition is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

Applied here, Barrett's conviction became final on November 3, 2023, upon expiration of the 30-day period for filing an appeal as of right from the October 3, 2022, final judgment entry. *See* Ohio App. R. 4(A).  The statute commenced running on November 4, 2022, the day after

Barrett's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on November 4, 2023, absent the application of statutory or equitable tolling principles.

### A.    Statutory Tolling

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation." While Barrett attempted to revive his direct review proceedings with a motion for a delayed appeal, the record reflects that Barrett never filed any post-conviction or collateral review in the Ohio state courts.

### B.    Equitable Tolling

No equitable tolling principles or exceptions save Barrett either. Beginning with tolling, the AEDPA limitations period can be tolled if the habeas petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Barrett does not make any equitable tolling arguments. Nor does the record support such a finding. In his state court pleadings, Barrett generally alleges that his inability to obtain documents from his trial counsel, lack of access to the law library, and lack of fluency in English prevented him from timely filing a direct appeal. (Doc. 6 at PageID# 59). But these excuses are insufficient to justify equitable tolling. The unavailability of transcripts, or the delay in receiving them generally does not constitute an extraordinary circumstance that might warrant equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750–51 (6th Cir. 2011) (holding that

counsel's failure to turn over trial transcripts and other case-related documents and restrictions on prisoner's ability to visit the law library did not entitle petitioner to equitable tolling) (citing *Inglesias v. Davis*, No. 071166, 2009 WL 87574, at*2 (6th Cir. Jan.12, 2009) (holding that the petitioner's repeated request for transcripts during twenty-six-month period between finality of conviction and habeas filing plus a limited ability to speak English did not warrant the equitable tolling of AEDPA's statute of limitations)).

"[W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). "[A] non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel or other source." *Dorantes v. Genovese*, No. 3:19-CV-00543, 2019 WL 6524888, at *3 (M.D. Tenn. Dec. 3, 2019). Barrett has not made this showing.[2]

Barrett has also failed to demonstrate that he diligently pursued his rights. He waited 486 days to file his habeas petition after his conviction and sentence became final. Accordingly, Barrett has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Barrett has not provided the Court with any extraordinary circumstance that prevented him from filing this case on time. "Absent compelling equitable

---

[2] Barrett has pointed to no facts from which this court could infer an inability to access the court system, and he has not asserted that he had no access to a translator or other assistance in preparing his petition in English. In his motion for a delayed appeal, Barrett merely stated, "Mr. Barrett is also not fluent in the English language and has found it very difficult to navigate the process of getting the needed assistance to file his appeal." (Doc. 6 at PageID# 59).

considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000), quoting *Johnson v. U.S. Postal Serv.*, 863 F.2d 48 (6th Cir. 1988). Barrett has thus failed to demonstrate that he is entitled to equitable tolling.

C.      **Actual Innocence**

In addition to equitable tolling, "[a] habeas petitioner is entitled to an equitable exception to AEDPA's one-year statute of limitations if he makes a credible showing of actual innocence." *Davis v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)); *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). This type of actual-innocence claim "does not by itself provide a basis for relief . . . but [is] instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo*, 513 U.S. 298, 315 (1995). Like equitable tolling, this exception is applied sparingly, and a petitioner bears the burden of demonstrating entitlement to the exception. *See Davis*, 900 F.3d at 326; *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). The standard is "demanding" and "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citing *Schlup*, 513 U.S. at 327); *see also McQuiggin*, 569 U.S. at 385.

To demonstrate the actual innocence that would allow a court to consider a time-barred constitutional claim, a habeas petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008) (quoting *Schlup*, 513 U.S. at 316). A court presented with new evidence must consider it in light of "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial."

*Id.* (quoting *House*, 547 U.S. at 538). In order to grant a petitioner's gateway-based claim of actual innocence, a court must be persuaded that "in light of the new evidence, no juror, acting reasonably, would have voted to find [petitioner] guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 385 (citing *Schlup*, 513 U.S. at 329); *Connolly*, 304 F. App'x at 417. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

During his plea proceedings, Barrett admitted committing the offense of which he was convicted. (Doc. 6 at PageID# 46). What's more, he has failed to reply to Respondent's statute of limitations defense. Under the circumstances, Barrett cannot meet the rigorous burden for passing through the actual innocence gateway so that the Court could consider his claim on the merits.

## III.    CONCLUSION

Barrett's petition is time-barred. It is therefore **RECOMMENDED** that the habeas petition be **DENIED,** and this action be **DISMISSED WITH PREJUDICE.**

For the foregoing reasons, the Undersigned **RECOMMENDS:**

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the petition because petitioner has not stated a viable "claim of the denial of a constitutional right" or presented an issue that is "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (*citing Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  With respect to any application by a petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO RECOMMENDED**.

Date:  March 16, 2026  

/s/ Kimberly A. Jolson
Kimberly A. Jolson
UNITED STATES MAGISTRATE JUDGE